UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Marian Watson**<br>**8318 Harris Pond Drive, Unit H**<br>**Charlotte, NC 28269**<br><br>**Plaintiff,**<br>v.<br><br>**Advanced Capital Solutions**<br>**5553 Whipple Ave NW**<br>**North Canton, OH 44720**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | **CASE NO.:** _____<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Marian Watson, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Advanced Capital Solutions (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Marian Watson (hereafter "Plaintiff"), is an adult individual whose residence is in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Advanced Capital Solutions ("Advanced"), is an Ohio business entity with an address of 5553 Whipple Avenue NW, North Canton, Ohio 44720, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for Advanced, but whose names are unknown.  The Complaint will be amended to add their names when they are determined through discovery.

7. Advanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Advanced for collection, or Advanced was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Advanced Engages in Harassment and Abusive Tactics**

12. Within the last year, Advanced contacted Plaintiff in an attempt to collect the Debt. The Debt is past the statute of limitations.

13. Advanced left voice messages on Plaintiff's cellular telephone which failed to disclose that the call was from a collection in an attempt to collect a debt.

14. Moreover, in its messages, Advanced threatened to pursue "further action" causing Plaintiff to believe she would be sued if she did not make an immediate payment towards the Debt.

15. Advanced had no present ability or legal authority to sue Plaintiff, as at the time the threat was made the Debt was no longer legally enforceable.

C. **Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692, et seq.)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21. Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22. Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

23. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24. Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

25. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as this Court may determine to be just and proper.

Dated: August 22, 2019

Respectfully submitted,

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Marian Watson

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

/s/ *Sergei Lemberg*
Sergei Lemberg, Esq.